IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3113-FL


| | | |
|---|---|---|
| TIMOTHY MCKOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER BATTEN; GUY | ) | |
| BEST; WESTERN SURETY | ) | |
| COMPANY; JOHN AND JANE | ) | |
| DOES, | ) | |
| | ) | |
| Defendants. | ) | |


The matter is before the court on plaintiff's motion for relief from judgment pursuant to

Federal Rule of Civil Procedure 60(a) and (b) (DE # 35). Also before the court is the motion for

attorneys fees (DE # 29) filed by defendants Christopher Batten ("Batten"), Guy Best ("Best"), and

the Western Surety Company ("Western Surety"). The motions were fully briefed. In this posture,

the matters are ripe for adjudication. For the following reasons, the court denies defendants' motion,

but grants plaintiff's motion.

**BACKGROUND**

Plaintiff, through counsel, filed this complaint against Batten, Best, Western Surety,[1] and

other unnamed defendants in the General Court of Justice Superior Court Division, Columbus

County, North Carolina. Plaintiff's complaint alleged both federal and state law claims. For his

---

[1] Plaintiff alleges that Western Surety "is . . . the holder of a surety bond for Defendant Christopher Batten, and
Defendant Officer Guy Best, and Defendants John[] and Jane[] Doe[s]." Compl. p. 2.

federal claims, plaintiff sought damages pursuant to 42 U.S.C. § 1983 against Batten and unnamed

defendants in their official capacities. Plaintiff alleged defendants violated his rights pursuant to the

Eighth Amendment to the United States Constitution by placing him in a non-handicap accessible

cell on the second floor of the Columbus County Jail ("the jail"). Plaintiff also alleged that Best and

Batten, in their official capacities, violated the Eighth Amendment when Best affixed handcuffs to

plaintiff "injuriously tightly." In addition to his federal claims, plaintiff alleged North Carolina State

law claims against Batten, Best, and the unnamed defendants.

On June 28, 2010, defendants filed a notice of removal, seeking to remove the action to the

United States District Court for the Eastern District of North Carolina. Batten, Best, and Western

Surety next filed a motion for summary judgment arguing that they did not violate plaintiff's

constitutional rights. The matter was fully briefed.

On July 6, 2012, the court entered an order granting defendants' motion. The court declined

to exercise supplemental jurisdiction over plaintiff's state law claims, and dismissed them without

prejudice. As part of its order, the court noted that the state statute of limitations period would be

tolled for a period of at least thirty (30) days after dismissal pursuant to 28 U.S.C. § 1367(d).

## DISCUSSION

A.      Motion for Attorneys Fees

Section 1988 provides that a court, in its discretion, may allow the prevailing party in a civil

rights action to recover reasonable attorney's fees. 42 U.S.C. § 1988(b). The United States Court

of Appeals for the Fourth Circuit in Unus v. Kane, 565 F.3d 103 (4th Cir. 2009), articulated the

following standard under which a prevailing defendant may claim attorney fees in a 42 U.S.C. 1983

action:

In order for a prevailing defendant to be entitled to recover attorney's fees under § 1988, the plaintiff's claim must have been either 'frivolous, unreasonable, or groundless,' or the plaintiff must have 'continued to litigate after [the claim] clearly became so.' Lotz Realty Co., Inc. v. U.S. Dept. of Housing & Urban Dev., 717 F.2d 929, 931 (4th Cir. 1983) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)). Indeed, the mere fact that a civil rights plaintiff lost her case does not render her claim frivolous, unreasonable, or groundless. . . . The purpose of distinguishing between a fee award being made to a successful plaintiff, on the one hand, and such an award being made to a prevailing defendant, on the other, arises out of the legitimate concern for the 'chilling effect' that the latter type of award would have on potential civil rights plaintiffs -- and their lawyers -- in deciding whether to initiate lawsuits. See Lotz, 717 F.2d at 932. We have explained, however, that '[w]hen a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging.' Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Unus, 565 F.3d at 126–27 (internal citations omitted).

Here, on August 16, 2010, the court conducted a frivolity review of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and determined that it was not clearly frivolous. The parties subsequently offered compelling arguments in support and in defense of defendants' motion for summary judgment. Ultimately, defendants prevailed. As instructed by Unus, the fact that defendants prevailed on their motion for summary judgment does not mean that plaintiff's action was frivolous, unreasonable, or groundless. Unus, 565 F.3d at 126. Further, the court has found no evidence to support defendants' contention that plaintiff continued to litigate this action after it became apparent that his claims were groundless. Based upon the foregoing, the court DENIES defendants' request for attorney fees.

3

B.      Plaintiff's Motion Pursuant to Rule 60

Plaintiff's counsel filed this Rule 60(b) motion requesting, *inter alia*, that the court amend its final judgment to remand the action to state court in place of its dismissal of plaintiff's state law claims without prejudice pursuant to § 1367(c)(3). Counsel contends that the thirty (30) day tolling period provided by § 1367(d) is inadequate because his client is missing, and he has not had the opportunity to confer with him to determine "how (or *if*) he wished to proceed on the remaining claims." Pl.'s Rule 60 Mot. p. 2. Counsel states that the requested relief would allow him the opportunity to confer with his client to determine whether his client wished to proceed with his state law claims. Counsel also asserts that the requested relief would be in the interests of judicial economy because it would permit the state action to immediately move forward and would save the expenditure of an additional filing fee.

As plaintiff has not set forth any clerical error in the court's July 6, 2012, order, the court construes plaintiff's motion as one filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment. . . ." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. The six grounds for relief include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the

4

judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. F.R.Civ.P 60(b).

Beginning with the threshold requirements, the court finds that plaintiff's request is timely. As for whether plaintiff has presented a meritorious claim, the court declined to address the merits of plaintiff's state law claims when it declined to exercise supplemental jurisdiction. That said, plaintiff's state law claims were sufficient to survive the court's initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). Finally, the court does not foresee any unfair prejudice to defendants by the granting of plaintiff's motion. As a result, the court finds that plaintiff is able to satisfy Rule 60(b)'s threshold requirements.

While plaintiff has not identified what specific provision of Rule 60(b) he is proceeding under, it appears that he seeks relief pursuant to the catch-all provision of Rule 60(b)(6). Courts in this circuit interpret Rule 60(b)(6) narrowly, granting relief only under "extraordinary circumstances." See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000); Neumann v. Prudential Ins. Co. of Am., 398 F. Supp. 2d 489, 492 (E.D.Va. 2005). The decision to grant or deny a Rule 60(b)(6) motion, as with all Rule 60 motions, is committed to a district court's sound discretion. See Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam); Neumann, 398 F. Supp. 2d at 492.

Generally, section 1367(c)(3) allows district courts the discretion to retain, dismiss, or remand non-federal claims when the federal claims have been adjudicated. Hinson v. Northwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001) (Section 1367(c)(3) allows a district court the discretion to "decline to exercise supplemental jurisdiction over a . . . claim." In doing so, "a court may dismiss the claim or, if it was removed, remand it to State court.") ( citing Carnegie-Mellon

5

Univ. v. Cohill, 484 U.S. 343, 357 (1988)).  Although the Fourth Circuit Court of Appeals has not

directly addressed the issue,[2] the Third Circuit Court of Appeals recently granted a plaintiff relief

pursuant to Federal Rule of Civil Procedure 59(e) under similar circumstances in Barnhill v. Pregent,

No. 10-1751, 2012 WL 384000 (3d Cir. Feb. 2, 2012).  In Barnhill, the court determined that failing

to remand the action would result in a manifest injustice.  Id. at *2.  The court in this case, likewise,

finds that failure to remand this action would result in a manifest injustice.  As a result, the court

finds that plaintiff has presented evidence sufficient to establish both Rule 60(b)'s threshold

requirements and has demonstrated that extraordinary circumstances exist to justify relief.  Based

upon the foregoing, the court GRANTS plaintiff's Rule 60 motion.

In summary, defendants' motion for attorneys fees (DE # 29) is DENIED, but plaintiff's Rule

60(b) motion (DE # 35) is GRANTED.  The court VACATES the dismissal of plaintiff's State law

claims and remands the action to the State court.

SO ORDERED, this the 21st day of December, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[2]  The court notes that the Fourth Circuit recently held that a district court may not enter an amended order, *nunc pro tunc*, purporting to extend the time within which the plaintiff could refile her dismissed state-law claims.  Glynne v. Wilmed Healthcare, 699 F.3d 380, 383-384 (2012).  Although the court in Glynne made clear that the district court could not grant an extension of time using a *nunc pro tunc* entry, the court did not decide whether the district court could have granted the relief through another avenue.  Id. p. 384 ("Assuming for the sake of argument that the district court possessed the power to extend the 30-day tolling period, nothing indicates that the district court had in fact done so when the issue was previously under consideration.")

6